

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS
XHXXXX XXXXXHHHHXHHKXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable H. A. Jamison, Commissioner
Department of Banking
Austin 14, Texas

Dear Mr. Jamison:

Opinion No. 0-6808

Re:   Construction of the term "general
obligations", as used in Subsec-
tion 6, Article 7, Chapter V, of
the Texas Banking Code of 1943.

Your request for an opinion upon the above-captioned subject matter is as follows:

"Your attention is invited to Sub-section 6 of Article 7 Chapter V of The Texas Banking Code, which in effect makes reference to the type of investment a State bank may make in an amount exceeding its loan limit.

"Your particular attention is invited to the word 'general' as used in Sub-section 6 which word and the meaning of it is the occasion for our inquiry. We have taken the position that some character of construction must be given to the word that will lend to it a special significance since obviously it intends to embrace a type of obligation which would offer the holder appropriate assurance as to the issuing body's capacity to pay.

"From a Departmental point of view we have taken the position that the word when construed in the light of the over-all subject involved in Sub-section 6 Article 7 allows a State bank to make investments representing general obligations of the issuing bodies named which are voted by the State, the County or municipality involved and which involves the full faith and credit of the issuing body. Stating our position another way we feel that revenue bonds and warrants or script, the latter issued by authority of the Commissioners' Court, could not be appropriate- ly classified as a general obligation. Our question, therefore, is as follows:

"Does the language of Subsection 6 Article 7 Chapter V of the Texas Banking Code exclude as lawful investments by a State bank in an amount in excess of the loan limit revenue bonds issued by a municipality and/or other obligations issued under the authority vested in Commissioners' Courts, or does it follow that the use of the word 'general' in Subsection 6 Article 7 requires the broader construction to the effect that it embraces only obligations which involve the full faith and credit of the issuing body an obligation authorized or voted upon by the people?"

Subsection 6, referred to by you, is a part of the enumerated exceptions to our bank-loan limit statute. It is as follows:

"6. Bonds and other legally created general obligation of the State of Texas or of any county, city, municipality or political subdivision thereof and indebtedness of the United States of America, the Reconstruction Finance Corporation or other instrumentality or agency of the United States Government." (Article 342-507, Rev. Civ. Stat., Vernon's codification).

A word or term when used in a statute is to be given its generally accepted and understood meaning, unless it appears from the context that it was used in a different sense. The generally accepted meaning of the word "general" is all embracing, without qualification, exception or limitation, and is, of course, to be understood as pertaining to the noun which it describes. Thus, a "general obligation", in the business or financial world, means an unlimited or unqualified liability or obligation or undertaking. This view is supported by such decisions as--

Lloyd Corporation v. Bannock County, 25 Pac. (2) 217;
Illinois Power & Light Corporation v. City of Centralia, 11 Fed. Supp. 874;
City of Eugene v. Willomet Valley Co., 97 Pac. 817;
De Loach v. Scheper, 198 S. E. 409;
Hartz v. Truckenmiller, 296 N. W. 568.

You are correct in classifying revenue bonds as not being a general obligation, but are in error as to warrants or scrip; these are general obligations.

Of course, the term in the connection here under consideration does not necessarily mean only an obligation voted upon by the people, although it of course includes such. It

is enough that such general obligation must have been "legally created."

This construction is accentuated by the context of the statute. The class of obligations specially excepted in Subdivision 6 is based upon the legislative thought that they are a Class-A favored investment.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By                          S/ Ocie Speer
                                     Ocie Speer
                                     Assistant

APPROVED SEP 18, 1945

S/ Grover Sellers
ATTORNEY GENERAL OF TEXAS

OS-MR-bjb

Approved
Opinion
Committee
By  BWB
Chairman